# CHARLESTON.

IN RE: PETITION OF M. HICKENBOATOM.

Submitted November 27, 1923.   Decided December 18, 1923.

HIGHWAYS—*Ascertainment of Extent and Probable Cost of Road provement Preliminary to Bond Election Held Sufficient.*

A petition to a county court praying for an election for the issuance of district road bonds for a certain amount describes four certain roads to be improved out of the proceeds of the bonds, and each road as beginning at a certain point and continuing therefrom on the road designated as far as a stated sum, the amount allotted to that road out of the proceeds, will improve the same; the report of the engineers appointed to investigate and estimate the approximate extent and probable cost of the proposed improvement shows the cost as estimated will be a certain sum "per mile"; the report is approved by the court and it enters an order for the election in which it provides that the respective sums specified in the petition to be allotted to the respective roads will be expended thereon; this is a substantial compliance with that provision of section 106, chapter 43, Barnes' Code, 1923, requiring the court through an engineer to ascertain "the approximate extent and probable cost" of the proposed improvement.

Petition by M. Hickenboatom and others to review the action of Attorney General in approving the validity of road bonds, of Harris District in the County of Wood.

*Action of Attorney General approved, and petition dismissed.*

*J. W. Vandervort* and *A. D. Ireland,* for petitioners.

*Robert B. McDougle* and *James S. Wade,* for respondent.

MEREDITH, JUDGE:

This is an appeal from the opinion of the Attorney General, approving an issue of $88,000 of road bonds voted by the voters of Harris District, Wood County, under sections 16, 17, and 18, chapter 47, Barnes' Code, 1923.

The objection here is that neither the petition nor the order of the county court calling the bond election shows the termini nor the extent of the four roads to be improved.

A copy of the petition for the improvement, except the names of the petitioners, and a copy of the engineer's report on the estimated cost, were inserted in the court's order. They are as follows:

"TO THE  HONORABLE  COUNTY  COURT OF WOOD COUNTY, WEST VIRGINIA:

The undersigned legal voters of and residing within the magisterial district of Harris in the county of Wood and state of West Virginia, respectfully petition your honorable body to improve certain roads in said district hereinafter designated, the said improvement to be as hereinafter set forth, and for that purpose to submit to the voters of said district at a special election to be held for the purpose the question of authorizing a bond issue in said district in the sum of $88,000, the proceeds to be applied to the improvement of said roads in the proportion hereinafter designated.

The roads to be so improved and the kind and character of the improvements thereon being as follows:

First. The road leading from Belleville through Renius to the line of said district at the north fork of Lee Creek near Eli known as the back road or creek road from Belleville to Parkersburg, beginning at Belleville and continuing toward Eli until the sum of $40,000 is expended, the improvement to be the necessary draining and grading and the construction of a fourteen foot road with rock bed and four inches of gravel on top, the same being commonly known as the Telford method of road improvement.

Second. The road leading from Belleville up the south fork of Lee Creek, beginning at Belleville and continuing up said road until the sum of $20,000 is expended, the character of improvement thereon to be the same as that designated for the road described above as 'First.'

Third. The road leading from Belleville up Main Pond Creek, beginning at Belleville and continuing up said road until the sum of $20,000 is expended, the character of the improvement thereon to be the same as that specified for the roads above described as 'First' and 'Second'.

Fourth. The road known as the road between Eli and Wadesville, beginning at the Catholic Church and continuing on the said road to Wadesville until the sum

95 W. Va.

of $8,000 is expended, the character of the improvement thereon to be the same as that specified for the roads above described as 'First,' 'Second,' and 'Third,'

All of said work to be done under the supervision of engineers appointed by your honorable body for that purpose.

Subsequently, to-wit, on the 29th day of May, 1923, at a regular session of the county court held in and for the said county of Wood at the court house thereof the following order was entered, to-wit:

J. V. Dunbar and William Shaver who were heretofore appointed as engineers to make an investigation and report to the court an estimate of the probable cost of the improvement of the four certain roads in the magisterial district of Harris described in the petition of W. C. Burdette and others heretofore filed, this day filed their estimate of the cost of the said improvement per mile, which estimate is ordered to be recorded and which said report is in words and figures as follows:

Parkersburg, W. Va.,<br>May 26th, 1923.

To the Honorable County
Court of Wood County, W. Va.

Gentlemen:

The undersigned having been appointed by your honorable court to make a survey or estimate of the cost to grade and improve the following roads in Harris District near Belleville as proposed in the call for a bond issue for Harris District, Wood County, W. Va., hereby make the following report:

PRELIMINARY ESTIMATE OF COST TO GRADE AND PAVE A FOURTEEN FOOT ROAD ON A TELFORD BASE AND FOUR INCHES OF GRAVEL ON TOP OR TOTAL DEPTH OF TWELVE INCHES.

### Cost per Mile.

| | |
|---|---:|
| Grading, 3,500 cu. yds. at 40c | $ 1,400 |
| Stone and gravel, 2800 cu. yds. at $1.65 | 4,620 |
| Spread and placed, included. | |
| Drainage, per mile | 300 |
| Rolling, per mile | 100 |
| | $6,420 |

Roads proposed to be paved out of the $88,000
Bond issue, as follows: .
On the main road from Belleville to Eli.. $40,000
Big Pond Creek Road....................  20,000
South Fork of Lee Creek from out of Belle-
  ville ................................  20,000
Wadesville Road, leading by Eli to Wades-
  ville ................................   8,000

    Total ...........................  $88,000
                Very respectfully,
                        J. V. DUNBAR
                        WM. SHAVER.''

Among other pertinent matters, the order further recites:

''And it further appearing to the court, from the
report of J. V. Dunbar and William Shaver, heretofore
appointed as special engineers to make an investigation
and estimate of the probable cost of the proposed im-
provement of the said four roads in the said magisterial
district of Harris hereinbefore described, that the esti-
mated cost per mile of said improvements is $6,420
based upon a fourteen foot road with rock (Telford)
base and 4 inches of gravel on top, beginning at Belle-
ville on the Belleville and Eli road and extending
through Renius to the line of said district at the
North Fork of Lee Creek near Eli, known as the Back
Fork or Creek Road, being the road first described in
the petition, and beginning at Belleville and continu-
ing up the South Fork of the Lee Creek Road, being
the road second described in said petition, and begin-
ning at Belleville and continuing up the Main Pond
Creek Road, being the road third described in the said
petition, and beginning at the Catholic Church on the
road known as the road between Eli and Wadesville
and continuing on said road to Wadesville, being the
road described as fourth in said petition, and pro-
ceeding on each of said roads as far as the proceeds
from the issue of the bonds hereinafter provided for
will permit, appropriating $40,000 of the same to the
Belleville and Eli Road and $20,000 of the same to each
of the said other two roads above described, numbered
'second' and 'third', and $8000 to the said road from
Eli to Wadesville described above as 'fourth.' ''

The order, after approving the engineer's report, pro-

vides that the work shall begin at the beginning points hereinbefore designated for each separate improvement and continue along the designated routes until the respective amounts allotted to the several projects shall be exhausted.

Appellants' counsel contends that but one terminus is mentioned for each project, namely, the point of the beginning. That is true. No one can determine how far the improvement will extend on any one of the routes until the contract therefor is let; and that would be true even if the engineers' report had made an estimate of the distance on each road the money allotted to it would go. It is further urged that the estimate of "$6,420 per mile" is an estimate on but one mile and does not cover the several projects. We do not think this is a fair interpretation of the report, but that properly construed this means the average cost per mile when applied to the whole of the four projects.

There is nothing, however, in the reports that would mislead anybody. The plan of beginning at a designated point and applying the allotment for each road from that point as far as the money will go is ordinarily the best and surest way of the separate projects getting their share of the funds. We think the different improvements proposed are fairly and clearly pointed out and described, and that the statute, sec. 106, chapter 43, Barnes' Code, 1923, has been substantially complied with. The statute requires that the order submitting the proposition shall contain a summary of the engineers' report, "setting forth the approximate extent and estimated cost of the proposed road improvement." The exact cost is furnished here, and if the estimated average cost per mile is divided into the total amount allotted for each project, the "approximate extent" of each road that can be improved out of the available funds is ascertained.

For the foregoing reasons, we approve the finding of the attorney general, and deny the relief prayed for.

*Action of Attorney General approved, and petition dismissed.*